| | |
|---|---|
| 1 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP |
| | DON SPRINGMEYER, ESQ. (SBN 1021) |
| 2 | DANIEL BRAVO, ESQ. (SBN 13078) |
| | 3556 E. Russel Rd., 2nd Floor |
| 3 | Las Vegas, NV 89120 |
| 4 | SOMMERS SCHWARTZ, P.C. |
| | JASON J. THOMPSON, ESQ. (admitted *pro hac vice*) |
| 5 | ROD M. JOHNSTON, ESQ. (admitted *pro hac vice*) |
| | One Towne Square, Suite 1700 |
| 6 | Southfield, Michigan 48076 |
| 7 | *Counsel for Plaintiffs* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED DARNELL GREENE and CHRISTOPHER SUASAENG, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OMNI LIMOUSINE, INC.,<br><br>Defendant. | CASE NO.: 2:18-CV-01760-GMN-VCF<br><br>**PROPOSED NOTICE TO BE DISTRIBUTED TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b)** |

Pursuant to this Court's June 15, 2019 Order (ECF No. 30) granting conditional certification of the proposed Collective under 29 U.S.C. § 216(b) and denying Plaintiffs' proposed Notice to the Collective, the parties have met and conferred to add a provision to the proposed Notice that concisely explains the subject of arbitration and the parties' respective contentions regarding it. Pursuant to this Court's instructions, the parties hereby resubmit the proposed Notice for the Court's approval. The proposed Notice is attached hereto as Exhibit A. The provision explaining the subject of arbitration and the parties' respective contentions regarding it can be found at Section 11. In all other respects, the proposed Notice is identical to the one submitted by the Plaintiffs in connection with Plaintiffs' Pre-Discovery Motion for Conditional Collective Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs

Pursuant to 29 U.S.C. § 216(b). *See* ECF No. 23-1.

WHEREFORE, THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL, hereby respectfully request that the Court approve the parties' proposed Notice to the Collective.

| | |
|---|---|
| DATED this 1st day of July, 2019 | DATED this 1st day of July, 2019 |
| GARG GOLDEN LAW FIRM | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP |
| By */s/ Whitney J. Selert* <br> Anthony B. Golden, Esq. <br> Puneet K. Garg, Esq. <br> Whitney J. Selert, Esq. <br> 3145 St. Rose Parkway, Suite 230 <br> Henderson, Nevada 89052 <br> (702) 850-0202 <br><br> *Counsel for Defendant* | By */s/ Don Springmeyer* <br> Don Springmeyer, Esq. (SBN 1021) <br> Daniel Bravo, Esq. (SBN 13078) <br> 3556 E. Russel Rd., 2nd Floor <br> Las Vegas, NV 89120 <br> (702) 341-5200 <br><br> SOMMERS SCHWARTZ, P.C. <br> Jason J. Thompson, Esq. (Admitted *pro hac vice*) <br> Rod M. Johnston, Esq. (Admitted *pro hac vice*) <br> One Towne Square, Suite 1700 <br> Southfield, Michigan 48076 <br><br> *Counsel for Plaintiffs* |

**APPROVED.**

Dated this __2__ day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

# Exhibit A

# Proposed Notice

# Exhibit A

NOTICE OF COLLECTIVE ACTION LAWSUIT
AND RIGHT TO JOIN

TO: ALL CURRENT AND FORMER HOURLY CHAUFFEURS/LIMOUSINE DRIVERS WHO WORKED FOR DEFENDANT OMNI LIMOUSINE, INC. AT ANY TIME FROM SEPTEMBER 11, 2015 TO THE PRESENT.

RE: FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST OMNI LIMOUSINE, INC.

1. INTRODUCTION

This Notice is to inform you about a lawsuit in which you might be able to make a claim for damages under the federal Fair Labor Standards Act, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you so choose.

2. DESCRIPTION OF THE LAWSUIT

On September 11, 2018, Alfred Darnell Greene and Christopher Suasaeng ("Plaintiffs"), on behalf of themselves and others similarly situated, filed a lawsuit in the United States District Court for the District of Nevada (the "Court"), against Omni Limousine, Inc. ("Defendant").

The lawsuit alleges that Defendant violated the federal Fair Labor Standards Act ("FLSA") by failing to compensate its hourly limousine drivers for all hours worked, including time spent completing required work activities prior to the actual pickup of the client such as driving to the pickup location and waiting for the actual fare. In addition, Plaintiffs allege that Defendant failed to pay the correct hourly rate for overtime hours worked both by failing to pay any overtime premium compensation and by failing to include nondiscretionary bonuses and gratuities in the total sum earned before dividing by hours worked. Plaintiffs seek an additional equal amount to the wages owed as liquidated damages, as well as attorneys' fees and costs. This litigation is currently in the early pretrial stage.

Defendant denies Plaintiffs' allegations and further denies that it has violated the FLSA or failed to properly pay its limousine drivers. Moreover, Defendant denies Plaintiffs' allegations that it is liable to Plaintiffs and Class members under any circumstances.

3. NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT

This Notice is for the sole purpose of providing current and former limousine drivers with information concerning their potential right to join this lawsuit. Although this Notice and its contents have been authorized by the Court, this litigation is currently in the early pretrial stage, the Court has taken no position regarding the merits of Plaintiffs' claims, and there is no assurance that the Court will grant any relief (including monetary damages) to you, Plaintiffs, or others similarly situated.

4. PERSONS ELIGIBLE TO RECEIVE THIS NOTICE

   The Court has approved this Notice to be distributed to:

   **All current and former Chauffeurs/Limousine Drivers who worked for Defendant Omni Limousine, Inc. at any time on or after September 11, 2015 to the present.**

5. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

   If you meet the description in the preceding Paragraph and believe that you performed work for Defendant for which you were not compensated (including time spent completing required work activities prior to the actual pickup of the client such as driving to the pickup location and waiting for the actual fare) and/or were required to work in excess of 40 hours in one or more workweeks without receiving overtime compensation, you may join and participate in this lawsuit if you wish. It is entirely your own decision whether to join this lawsuit.

6. EFFECT OF JOINING THIS LAWSUIT

   If you choose to join this lawsuit, you will be bound by any judgment on any claim you may have under the FLSA, whether favorable or unfavorable. That means that, if you win, you may be eligible to share in the monetary award; if you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in the lawsuit.

   While this lawsuit is proceeding, it is possible that you may be required to respond under oath to written questions, to have your deposition taken, to produce documents, and/or to testify in court at a trial or hearing in the United States federal courthouse in Las Vegas, Nevada.

7. NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

   If you choose not to join this lawsuit, you will not be affected or bound by any judgment, favorable or unfavorable, on any of the claims brought under the FLSA that are alleged in this lawsuit. If you choose not to join this lawsuit, you retain all rights, if any, that you may have under the FLSA.

8. LEGAL REPRESENTATION

   The attorneys for Plaintiffs and the proposed opt-in class are the law firms of Sommers Schwartz, P.C. and Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP. Their addresses and telephone numbers are:

   | | |
   |---|---|
   | Jason J. Thompson, Esq. | Don Springmeyer, Esq. |
   | Rod M. Johnston, Esq. | Daniel Bravo, Esq. |
   | Sommers Schwartz, P.C. | Wolf, Rifkin, Shapiro, Schulman & |
   | One Towne Square, Suite 1700 | Rabkin, LLP |
   | Southfield, Michigan 48076 | 3556 E. Russell Road, 2nd Floor |
   | Telephone: (248) 355-0300 | Las Vegas, Nevada 89120 |

   2

                                                          Telephone: (702) 341-5200

If you choose to join the lawsuit, the law firms listed above will represent you unless you obtain another attorney. You will not be required to pay any attorneys' fees or court costs to the Plaintiffs' lawyers at this time and you will not pay any attorneys' fees unless you prevail. In the event the Plaintiffs prevail in the lawsuit, either by judgment or by settlement, Plaintiffs' attorneys will ask the Court to order Defendant to pay Plaintiffs' lawyers their reasonable attorneys' fees and reimburse them for any expenses. Plaintiffs' attorneys will be compensated by the greater of either a forty (40%) percent contingent fee of all sums recovered by settlement or judgment, or whatever attorneys fee is awarded by the Court or obtained/negotiated through a settlement. The Court must approve any fees received by Plaintiffs' lawyers.

You also have the option to retain an attorney of your own choice at your own expense.

9. <u>HOW TO JOIN THIS LAWSUIT</u>

If you wish to join this lawsuit, your signed Consent to Join form must be filed with the Court by **[60 days]_____, 2019** for you to be eligible to participate in this lawsuit and to preserve any legal right you may have to participate in this lawsuit. If you have already submitted a Consent to Join form, you do not need to submit another one at this time. Until the Consent to Join form is filed with the Court, the statute of limitations on any claim you may have will continue to run. If you file a Consent to Join form, your continued right to participate in this lawsuit may depend upon a later decision by the Court that you and Plaintiffs are similarly situated.

If you wish to join this lawsuit and have the law firms of Sommers Schwartz, P.C. and Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP represent you, you must complete, sign and mail the enclosed Consent to Join form in the enclosed stamped envelope to:

Veronica Stewart
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Fax: (248) 746-4593
Email: FLSA@sommerspc.com

10. <u>NO RETALIATION PERMITTED</u>

The FLSA prohibits employers, such as Defendant, from retaliating against or taking adverse actions against any person for filing a lawsuit, claim or complaint for compensation, assisting or testifying in a lawsuit under the FLSA, or otherwise participating in a proceeding or exercising their rights under the FLSA.

11. <u>ARBITRATION</u>

Defendant contends that Plaintiffs are members of an employee bargaining unit represented by the International Brotherhood of Teamsters Union, Local 713, which

negotiated a Collective Bargaining Agreement ("CBA") that requires that all disputes over the terms and conditions of employment be submitted to individual arbitration, including specifically the claims at issue in this lawsuit. Plaintiffs deny being members of an employee bargaining unit represented by Local 713 and deny that they and similarly situated employees are required to arbitrate their claims. The Court has not yet taken any position as to whether the named Plaintiffs and similarly situated employees are members of the employee bargaining unit represented by Local 713; nor has the Court taken a position regarding the validity of the CBA's arbitration provision.

What does this mean? If you chose to join this action and if the Court later determines that you were or are a member of an employee bargaining unit represented by Local 713, the Court may order you to arbitrate your claim, if any, individually against Defendant, independent and separate from this lawsuit. If that happens, you will receive notice and an opportunity to decide whether to pursue that action or do nothing.

12. FURTHER INFORMATION

For further information about this lawsuit, you may contact Plaintiffs' counsel by mail at the addresses indicated above in paragraph 8, by telephone at **[insert toll-free number]**, or by e-mail at FLSA@sommerspc.com

**PLEASE DO NOT ATTEMPT TO CONTACT
THE COURT REGARDING THIS LAWSUIT**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALFRED DARNELL GREENE and CHRISTOPHER SUASAENG, individually, and on behalf of all others similarly situated,

   Plaintiffs,

vs.

OMNI LIMOUSINE, INC.

   Defendant.

Case No. 2:18-cv-01760-GMN-VCF

## CONSENT TO JOIN LAWSUIT

I state that I worked as a Chauffeur/Limousine Driver for Omni Limousine, Inc. ("Defendant") at some point on or after September 11, 2015, and during some or all of that time I was required by Defendant to perform work for which I was not compensated and/or I was required to work in excess of 40 hours per week without receiving overtime premium compensation. I hereby consent to sue Defendant for damages including unpaid overtime compensation under the federal Fair Labor Standards Act, 29 U.S.C. § 216(b), and I hereby designate Sommers Schwartz, P.C. and Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to represent me in this action.

*(Please print legibly.)*

Dated: _____

Signed: _____

Name (Print): _____

Address: _____

City, State, Zip Code: _____

Telephone No(s).: _____

Email: _____

Attorney: _____