# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED DARNELL GREENE and CHRISTOPHER SUASAENG, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>OMNI LIMOUSINE, INC.,<br><br>        Defendant. | Case No.: 2:18-cv-01760-GMN-VCF<br><br>**ORDER** |

Before the Court is the Joint Unopposed Motion for Approval of Individual Settlements Under the Fair Labor Standards Act and Related Claims, (ECF No. 63), filed by Plaintiffs Alfred Darnell Greene and Christopher Suasaeng, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs") and Defendant Omni Limousine, Inc. ("Defendant"). The parties Joint Unopposed Motion asserts that Plaintiffs' counsel is entitled to $36,842.94 in attorneys' fees and $9,617.06 in litigation costs out of a total settlement sum of $75,000.00. (*Id.* 4:19–22).

To assess whether Plaintiffs' counsel reasonably incurred these fees and costs, the Court entered an Order requiring Plaintiffs' counsel to submit their billing entries or summaries of billing entries in this matter. (Order, ECF No. 66). Plaintiffs' counsel then submitted a Supplement, (ECF No. 68), broadly breaking down the tasks performed by attorneys in this action, along with the hours spent on these tasks. For example, the Supplement identifies that attorney R. Johnston spent 94.1 hours on Litigation and 21.4 hours on Motion Practice, Jesse Young spent 22.5 hours on negotiations and settlement. (*Id.* 2:4–6). This entries and the entirety of the Supplement's categories, are not sufficiently detailed for the Court to perform a

meaningful reasonableness determination.[1]  Because Plaintiffs' Supplement does not provide sufficient detail about the nature of work performed or the reasonableness of the time spent, the Court will **VACATE** the hearing set on the parties' Joint Unopposed Motion on March 20, 2024, (Min. Order, ECF No. 65), and give Plaintiffs' counsel until April 15, 2024, to file detailed billing entries.[2]  The Court will reschedule this hearing after receiving Plaintiffs' supplemental filing.  Failure to file detailed billing entries by this date will result in the Court denying the Joint Unopposed Motion without prejudice.

   **IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Leave to Appear Remotely at the March 20, 2024, Hearing, (ECF No. 67), is **DENIED as moot**.

   **DATED** this __15__ day of March, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court recognizes its Order requested Plaintiffs' counsel provide summaries of its billing entries, and that Plaintiffs' counsel likely thought these generalized entries were sufficient based on the plain language of the Court's Order.  Plaintiffs' counsel is directed to provide block-billed entries that break down the specific tasks performed by each attorney identified in the Supplement and the hours spent completing that task.

[2] Any supplement should also provide a detailed breakdown of the costs incurred.